In re LESTER WITTE & COMPANY, a Partnership, Debtor.

LESTER WITTE & COMPANY, Plaintiff,

v.

Bruce C. MOATS; Houston Fabricating, Inc.; Roland A. Maness, individually; Maness, Broome & Associates, a partnership; and Fox & Company, a partnership, Defendants.

Bankruptcy No. 82 B 4428.

Adv. No. 84 A 182.

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 28, 1984.

Howard Kastel, Howard M. Hoffman, James W. Naisbitt, Holleb & Coff, Ltd., Chicago, Ill., for plaintiff.

Silvia Hassell, Urquhart & Hassell, Houston, Tex., for defendants.

## ORDER

ROBERT L. EISEN, Bankruptcy Judge.

The dispute here involves the malpractice liability of three accounting firms. It is before the court on the debtor's ("Witte") request that the court enjoin Bruce C. Moats and Houston Fabricating, Inc. ("Houston") from naming the debtor and Fox & Co. as defendants in a malpractice suit filed in Texas. This determination is necessary in the bankruptcy proceeding because Fox holds funds due the estate, but refuses to relinquish those funds pending resolution of the malpractice question, or alternatively, pending a ruling that Fox cannot be liable on the facts alleged herein. By agreement, the parties have submitted to the court for resolution the question whether Lester Witte and, hence, Fox is liable under applicable Texas partnership law and the relevant agreements between the parties for possible malpractice which may arise from the performance of accounting services by Maness, Broome & Associates ("M.B. & A.") for Moats and Houston.

For the reasons set forth in this memorandum, this court determines that Witte and Fox could not be liable for malpractice under Texas partnership law, even if Mannes, Broome & Associates are found liable.

## FACTS

The facts in the matter presently before the court are undisputed. Bruce Moats owned most shares of two companies,

Houston Fabricating, Inc. and Bayport. In 1974 Moats arranged with the M.B. & A. accounting firm to provide certain accounting services.

Specifically, Moats wanted to transfer substantial operating losses incurred by Bayport to Houston which had taxable income for the year in question. Houston paid M.B. & A. an advance fee of $50,000. Regarding that fee, Houston, Moats and M.B. & A. agreed as follows:

> 4. In the event that all or any part of any deduction claimed by Client for purposes of reporting its federal income tax liability arising out of any transaction entered into and undertaken by Client pursuant to the plan and course of action recommended by Accountant to Client in the Opinion, is disallowed by the Internal Revenue Service, and any deficiency of payment of federal income taxes is assessed against Client as a result thereof, and such assessment is sustained at the appellate level of the Internal Revenue Service, then Accountant shall repay to Client, within thirty (30) days following the date of formal notice of such decision by the appellate staff of the Internal Revenue Service, a pro-rata amount of the accounting fees paid and payable by Client to Accountant hereunder, the amount of such repayment to be equal to the result obtained by multiplying the accounting fee ($50,000) by a fraction, the numerator of which is the amount of the deduction disallowed and the denominator of which is the amount of Bayport's net operating loss claimed by Client as a deduction or loss in the tax year in question.

On January 28, 1982, the IRS Appellate Division disallowed Houston's attempt to utilize Bayport's net operating loss.

Prior to the IRS action, on January 1, 1978, M.B. & A. and Lester Witte & Co. ("Witte") had entered into an agreement whereby M.B. & A. would stop providing accounting services to certain of its Houston, Texas clients and Witte would make itself available to do so. M.B. & A. remained in business in other cities. M.B. & A. continued to advise Moats and Houston regarding the net operating loss matter.

Four years later, Witte ceased accounting practice in Houston and entered into an agreement with a third firm, Fox & Company. The agreement between Fox and Witte provided that Fox assume only certain of Witte's business liabilities and that Witte would indemnify and hold Fox harmless from claims, liabilities, costs or expenses "... relating to or arising out of the performance of professional services by Witte" prior to the date of the agreement between Witte and Fox. It is undisputed that neither Witte nor Fox performed professional services for Moats or Houston on the net operating loss matter.

Rather, Moats and Houston allege that Witte and Fox are liable for the work performed by M.B. & A. and have filed a lawsuit in the state courts of Texas. Witte has sought a temporary restraining order and a judgment declaring that Witte is not liable for any work performed by M.B. & A. on the net operating loss matter. The parties have agreed to submit to the court for resolution the question of whether under applicable Texas law, Witte and, hence, Fox could be liable to Moats and Houston for professional services rendered by M.B. & A.

## DISCUSSION

The liability of Lester Witte & Co. and Fox for professional services rendered by the accounting firm of M.B. & A. is governed by the Texas Uniform Partnership Act, Vernon's Ann.Civ.St. art. 6132b. Three subsections of that Act are asserted to control the instant facts and serve as a basis for finding Witte and Fox liable.

The first subsection which Moats and Houston assert imposes potential liability on Witte and Fox is section 41(1). That subsection provides:

> Sec. 41. (1) When any new partner is admitted into an existing partnership, or when any partner retires and assigns (or the representative of the deceased partner assigns) his rights in partnership

property to two or more of the partners, or to one or more of the partners, and one or more third persons, if the business is continued without liquidation of the partnership affairs, creditors of the first or dissolved partnership are also creditors of the partnership so continuing the business.

Texas Civ.Code Ann. art. 6132(b) § 41(1) (Vernon 1982).

Where one partnership assigns to another the right to provide accounting services to a certain number of clients and no partners of the first partnership remain as partners of the second, the second partnership, in the absence of a specific agreement to the contrary, is not liable for the malpractice of the first. Source and Comments, Vernon's Ann.Civ.St. art. 6132(b) § 41(1).

Moats and Houston have argued that subsection 41(1) of the Texas Partnership Act imposes liability on Witte and Fox in stating that "creditors of the first or dissolved partnership are also creditors of the partnership so continuing the business." Section 41(1) does not impose liability on Witte and Fox. That subsection applies to a situation where a new partner is admitted to an existing partnership or a partner of the first partnership retires and assigns his property rights to the remaining partners or third persons. The Official Comment to the Uniform Partnership Act, from which Act the Texas Act was taken, clearly indicates that the section addresses situations in which a new partner is admitted or a partner is expelled or dies. Official Comment U.P.A. § 41 at 511. The Source and Comments to the Texas Act state that the section is the same as the national act. Source and Comments, Texas Civ.Code Ann. art. 6132b § 41(4). Moats and Houston have argued that because a former partner of M.B. & A. remained with Witte as a manager, subsection 41(1) applies. They further assert the fact that he did not join Witte as a partner is irrelevant. This court disagrees. The Code Comment's examples clearly contemplate instances in which the composition of the partnership

changes but at least one partner of the first partnership remains in the successor partnership as a partner. That is not the situation in the present case. Therefore, subsection 41(1) of the Texas Uniform Partnership Act does not impose liability on Witte and Fox.

Second, Moats and Houston assert that subsection 41(2) renders Witte & Fox liable for any malpractice by M.B. & A. That subsection provides:

(2) When all but one partner retire and assign (or the representative of a deceased partner assigns) their rights in partnership property to the remaining partner, who continues the business without liquidation of partnership affairs, either alone or with others, creditors of the dissolved partnership are also creditors of the person or partnership so continuing the business.

Texas Civ.Code Ann. art. 6132b § 41(2) (Vernon, 1982). This subsection contemplates a situation where all but one partner retires or all assign their rights and the remaining partner continues the business either alone or with others. Again, under the present facts, there is no partner of the first partnership who continued as a partner with the successor partnership. Moats and Houston argue that that fact is irrelevant and have cited *Miller v. Doughty*, 520 S.W.2d 586 (Tex.Civ.App.1975), in support of that proposition. The court has reviewed that case and finds that it does not further the Moats and Houston argument. That case involved new partners entering an existing accounting partnership. The situation at hand is one in which M.B. & A. sold to Lester Witte the right to provide accounting services to certain clients. M.B. & A. continued in business elsewhere. Furthermore, Witte has asserted and M.B. & A. has not contested that M.B. & A. actually continued to advise Moats and Houston with regard to the net operating loss issue subsequent to the M.B. & A.— Witte agreement. Thus, the facts here are entirely different from those in *Miller v. Doughty* or those contemplated by the commentary to the Texas Uniform Partner-

ship Act. Hence, Witte and Fox are not liable under section 41(2) of the Texas Uniform Partnership Act.

Moats and Houston's third argument is that liability should be imposed upon Witte and Fox pursuant to subsection 41(4) of the Texas Uniform Partnership Act. That section provides:

> (4) When all the partners or their representatives assign their rights in partnership property to one or more third persons who promise to pay the debts and who continue the business of the dissolved partnership, creditors of the dissolved partnership are also creditors of the person or partnership continuing the business.

Texas Civ.Code Ann. art. 6132b § 41(4) (Vernon, 1982). In the absence of an agreement to the contrary, where partners transfer the right to provide services to a certain group of clients to a second partnership which later transfers those rights to a third partnership which latter partnership agrees to assume the liabilities of the second, liability for malpractice of the first will not obligate the third. The Official Comment to the Uniform Partnership Act and the Texas Act both explain that subsection 41(4) contemplates an express promise to assume the debts of the first partnership. Official Comment, Uniform Partnership Act § 41(4) (1968); Source and Comments, Texas Civ.Code Ann. art. 6132b § 41(4). The agreement between Witte and M.B. & A. contained no such promise. Therefore, Witte cannot be found liable based on this provision.

Moats and Houston also argue that Fox is liable because in its agreement with Witte, Fox expressly assumed all liabilities of Witte. However, Witte could not be liable either under section 41(4) or other provisions of the Act. Since there is no statutory basis for imposing liability on Witte, there is no liability for Fox to assume under these facts. Therefore, the provision of the Witte-Fox agreement which contained Fox's promise to assume Witte's liabilities does not impose liability on Fox in the present circumstances.

Moats and Houston further argue in general terms that one accepting the benefits of a contract must also accept its burdens. That argument is without merit in this situation. Cases cited in support of that argument are irrelevant here, since liability of Witte and Fox is controlled by the Texas Uniform Partnership Act. The cases cited in support of this argument are factually distinguishable and, therefore, inapplicable. *Sanchez v. Leggett,* 463 S.W.2d 517 (1971); *Daniel v. Goesl,* 341 S.W.2d 892 (1960).

Therefore, Witte and Fox cannot be found liable under applicable Texas law for malpractice in conjunction with accounting services provided by M.B. & A. Witte and Fox were not properly named as defendants in the suit filed in Texas.

So ordered.